UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PATRICK KAVANAUGH, | ) |
|           Petitioner | ) |
| vs. | ) CASE NOS. 3:19-CV-156 RLM |
| | )                  3:17-CR-18 RLM |
| UNITED STATES OF AMERICA, | ) |
|           Respondent | ) |

<u>OPINION and ORDER</u>

Patrick Kavanaugh pleaded guilty to receipt of child pornography (Count 2 of 3 in the indictment), in violation of 18 U.S.C. § 2252(a)(2), and was sentenced to 72 months' imprisonment and five years of supervised release. He expressly waived the right to challenge his conviction and sentence on appeal or in post-conviction proceedings in his plea agreement. Mr. Kavanaugh is now before the court requesting that his conviction and sentence be vacated under 28 U.S.C. § 2255. For the reasons that follow, the court denies the motion to vacate.

When an offender files a petition under 28 U.S.C. § 2255,

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b) of the Rules Governing Section 2255 Proceedings. Mr. Kavanaugh's

arguments aren't supported by the facts or the law and can be resolved without a hearing. *See* Martin v. United States, 789 F.3d 703, 706 (7th Cir. 2015) (evidentiary hearing not required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief" or petitioner's allegations are "vague, conclusory, or palpably incredible"); Kafo v. United States, 467 F.3d 1063, 1067 (7th Cir. 2006); Bruce v. United States, 256 F.3d 592, 597 (7th Cir. 2001).

The record before the court shows that Mr. Kavanaugh knowingly and voluntarily waived the right to contest his conviction and sentence in his plea agreement, with one exception – a claim of ineffective assistance of counsel. *See* [Doc. Nos. 31 and 60]. That waiver must be enforced with respect to the claims asserted in Grounds 2-4 of his petition because those grounds don't fall within the exception. *See* Nunez v. United States, 546 F.3d 450, 453 (7th Cir. 2008).[1]

To prevail on his remaining ineffective assistance of counsel claim, Mr. Kavanaugh must show that his attorney's performance was objectively unreasonable under the circumstances, and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different". Strickland v. Washington, 466 U.S. 668, 687, 694 (1984), see also Laux v. Zatecky, 890 F.3d 666, 673-674 (7th Cir. 2018). If the defendant's

---

[1] In Grounds 2-4, Mr. Kavanaugh alleges that unidentified "law enforcement" officers and the "Prosecutor" violated his rights under the Fourth, Fifth, Sixth, and Fourteeth Amendments. See [Doc. No. 63 at *4-5].

2

showing falls short on either prong, his claim must be denied. Strickland v. Washington, 466 U.S. at 687; Ebbole v. United States, 8 F.3d 530, 533 (7th Cir. 1993).

Mr. Kavanaugh alleges that his attorney, Peter Boyles, was deficient in several respects, most notably his failure to investigate issues that Mr. Farabaugh had raised regarding a data breach that affected his Yahoo account, the IP address that was used to download videos to his phone on December 23, 2015, and the "custodial interrogation" that occurred on October 27, 2016, and to file a motion to suppress the statements he made during that interview. But he faces what appears to be an insurmountable hurdle in proving that the outcome of his case would have been different, but for Mr. Boyle's alleged deficiencies – he admitted committing the offense with which he was charged and convicted.

During the change of plea hearing, Mr. Kavanaugh acknowledged that he was satisfied with the job that Mr. Boyles had done for him. [Doc. No. 60 at 5]. When asked if there was "anything he did that you did not want him to do or anything he did not do that you did want him to do?", Mr. Kavanaugh responded "No." Id. at 12. Mr. Kavanaugh also testified that noone used any force or made any threats against him to plead guilty, and admitted the following facts:

- He received child pornography that he had downloaded from the internet and stored in his Dropbox account between December 23,

3

  2015 and February 25, 2016.

- The images and videos he downloaded were child pornography as defined by federal law.

- He possessed approximately 1,150 images and about 55 videos that portrayed child pornography, and some of those depicted bestiality and sadistic images and prepubescent children or children under the age of twelve.

- The cell phone on which he received those images and videos was manufactured outside the United States, and his actions took place in the Northern District of Indiana.

Id. at 15-16.

  When asked if he still wanted to plead guilty and why, Mr. Kavanaugh indicated that he did, and that he "fel[t] that this need[ed] to come to a conclusion." When the court asked, "Do you think you did it?" Mr. Kavanaugh responded "yes." Id. at 18-19.

  The court found that Mr. Kavanaugh was "fully competent and capable of entering an informed plea, that his plea of guilty [was] a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the crime", accepted the plea, and found him guilty of the offense charged in Count 2 of the indictment – knowingly receiving visual depictions of child pornography, in violation of 18 U.S.C. § 2252(a)(2). Id. at 19.

Mr. Kavanaugh doesn't dispute that his plea was knowing and voluntary, but now contends that his statements to the court and his prior admissions to law enforcement officers were false, and that he was "coerced" into confessing and "pressured to sign the plea agreement." He attests that:

> If I were at the beginning of my federal case, knowing what I know now, and had a different attorney, I would have insisted on the invetigation cited above; contacted the Court if the attorney refused ; and would not have accepted the plea agreement, and instead would have proceeded to trial.

[Doc. No. 74-1 at 5]. Mr. Kavanaugh cites in support his affidavits [Doc. Nos. 74-1 and 105-1]; various documents that appear to have been obtained from the St. Joseph County Police Department, indicating that twelve of the videos containing child pornography that were found in Mr. Kavanaugh's Dropbox were uploaded on December 23, 2015 using an IP address that belonged to someone located in Michigan City, Indiana [Doc. No. 74-2 at *2-14, 23-26]; and email correspondence between Mr. Kavanaugh and Yahoo, indicating that an unauthorized "state-sponsored actor" stole data associated with his Yahoo account in August 2013, that "may have included … hashed passwords (using MD5)", but "did not include passwords in clear text", and that the same "state-sponsored actor" may have used a "forged cookie" to access his Yahoo account in 2015 or 1016. [Doc. No. 74-2 at * 16-21]. But Mr. Kavanaugh hasn't created a fact issue inconsistent statements, hasn't presented any credible evidence to support his belated claim of innocence, and can't prove that he was prejudiced by anything Mr. Boyles did

5

or didn't do.

A guilty plea is not "provisional" and "statements made to a federal judge in open court are not trifles that defendants may elect to disregard." United States v. Stewart, 198 F.3d 984, 987 (7th Cir. 1999). Mr. Kavanaugh's voluntary responses made under oath when he entered his guilty plea were binding then, and remain so in a § 2255 proceeding. *See* United States v. Stewart, 198 F.3d 984, 987 (7th Cir. 1999) ("A defendant has no legal entitlement to benefit by contradicting himself under oath."); Hugi v. United States, 164 F.3d 378, 381 (7th Cir. 1999) ("Courts take the plea process seriously and hold defendants to their representations."); United States v. McFarland, 839 F.2d 1239, 1242 (7th Cir. 1988 ("rational conduct requires that voluntary responses made by a defendant under oath [when entering a guilty plea]…be binding."). His statements to the court were consistent with previous statements Mr. Kavanaugh had given to law enforcement officers, and Mr. Kavanaugh hasn't identified a factual or legal basis to challenge or suppress his prior admissions.

Mr. Kavanaugh doesn't dispute that the officers read him his *Miranda* rights before questioning on October 2016 and March 2017, that he waived those rights, or that he admitted during both interviews that he downloaded child pornography from the internet on more than one occasion between December 23, 2015 and February 24, 2016, and saved it to his Dropbox account. The record has no credible evidence that would support his assertions that those statements, or his

6

sworn statements to the court, were coerced. A motion to suppress the October 2016 statements would have been futile, under the circumstances, and Mr. Boyles had "no duty to make a frivolous argument." Fuller v. United States, 398 F.3d 644, 652 (7th Cir. 2005); *see also* United States v. Cieslowski, 410 F.3d 353, 360 (7th Cir.2005) ("When a claim of ineffective assistance is based on counsel's failure to present a motion to suppress, we have required that a defendant prove the motion was meritorious.").

Mr. Kavanaugh surmises that an investigation into the data breach that affected his Yahoo account and the individual who owned the Michigan City IP address used to download twelve of the fifty-five videos that were in his Dropbox account would have shown that someone else actually committed the crimes with which he was charged, and to which he pleaded guilty. But it's unclear what additional information Mr. Kavanaugh thinks further investigation would have uncovered, or how it would prove that his admissions of guilt were false. *See* United States v. Lathrop, 634 F.3d 931, 939 (7th Cir. 2011) ("To establish prejudice due to counsel's failure to investigate, a defendant must provide "specific information as to what the investigation would have produced."). Under the circumstances, the court can't find that there's a reasonable probability that the outcome would have been different but for Mr. Boyles's alleged deficiencies.

Mr. Kavanaugh assertion that Mr. Boyles provided ineffective assistance of counsel at sentencing because he didn't review the presentence report with him

7

isn't supported by the record and is inconsistent with Mr. Kavanaugh sworn testimony during the sentencing hearing. At that hearing, Mr. Kavanaugh testified that he had read the presentence investigation report, understood the proposed conditions of supervision, didn't want more time to review it with Mr. Boyles, was satisfied with the job Mr. Boyles had done for him, and wished to proceed with sentencing.

For all of these reasons, the court DENIES Mr. Kavanaugh's motion to vacate his conviction and sentence [Doc. No. 63].

SO ORDERED.

ENTERED:  March 30, 2022

> /s/ Robert L. Miller, Jr.
> Robert L. Miller, Jr., Judge
> United States District Court

cc:   P. Kavanaugh